# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

DANIEL & MAX, LLC,

    Plaintiff,

v.                                                                                                                         Civ. No. 19-173 GJF/GBW

BAB HOLDING COMPANY, LLC,

    Defendant,

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [ECF 11] ("Motion"), filed May 23, 2019. The Motion is fully briefed. *See* ECFs 15-17. After careful consideration of the pertinent law and the briefing, the Court will **GRANT** the Motion and enter judgment in favor of Plaintiff for the entire amount ($164,475.00) due under the Settlement Agreement.[1]

## I. BACKGROUND

For the purposes of the instant Motion, the following facts are not disputed. *See* ECFs 1 (Complaint), 6 (Answer); Mot. 1-3; Resp. 1-2.

*The Lease Agreement*

In April 2017, the parties entered into a Lease Agreement for the lease of commercial property owned by Defendant. Mot. ¶ 1; Resp. ¶ 1. The Lease Agreement expressly granted Plaintiff a "Tenant Allowance" ("Allowance") in the amount of $168,300.00. Mot. ¶ 2; Resp. ¶ 2. The Lease Agreement required Defendant to deliver the Allowance to Plaintiff to assist in payment

---

[1] The Settlement Agreement contemplates the award of reasonable attorney's fees and costs to the prevailing party in any litigation arising from the Agreement. Compl., ECF 1, Ex. A ¶ 16. The Court will require Plaintiff to file a separate motion pursuant to Federal Rule of Civil Procedure 54(d)(2) in which it sets forth and justifies its request for attorney's fees and costs. The Court encourages the parties, if possible, to reach a stipulation on the fees and costs question.

for certain improvements that Plaintiff made to the property. *Id*. Defendant, however, "failed and refused to deliver" the Allowance to Plaintiff. Mot. ¶ 3; Resp. ¶ 3.

### *The Settlement Agreement*

To resolve the dispute over Defendant's failure to pay the Allowance, the parties entered into a Settlement Agreement ("Agreement") on February 6, 2019. Compl. Ex. A. Under the terms of the Agreement, Defendant agreed to pay Plaintiff $164,475.00. *Id*. at ¶ 2. This sum was to be paid in two equal installments of $82,237.50, with the first to be made on March 1, 2019, and the second on or before April 1, 2019. *Id*. at ¶ 3. Defendant, however, failed to make either payment. *See* Mot. ¶ 7-8; Resp. ¶ 7-8. Under the terms of the Agreement, the "failure to timely deliver the payments due in [the Agreement] shall constitute a default under this Agreement and will entitle [Plaintiff] to exercise the remedies set forth in [the Agreement]." Compl. Ex. A ¶ 4.

The Agreement provides the following regarding default:

> [Plaintiff] shall be entitled to apply to the Court for the immediate entry of a Final Judgment for the Settlement Sum, less any payments made under this Agreement. In the event of entry of any Final Judgment under this Agreement, the [Defendant] shall not seek to interfere in any manner with the entry of the Final Judgment, and will not seek rehearing on, move to vacate, move to set aside, appeal, or otherwise challenge, contest, or dispute the enforceability and validity of the Final Judgment if obtained in accordance with this Agreement. Accordingly, [Defendant] waives any and all defenses to such action, including jurisdiction, service of process, and venue.

*Id*. ¶ 5. Also, the Agreement expressly contemplates that costs and reasonable attorney's fees would be awarded to the prevailing party in any action or proceeding arising out of the Agreement. *Id*. ¶ 16. Finally, the parties agreed that the "Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida without reference to the conflict of laws principles thereof." *Id*. ¶ 14.

## II. SUMMARY OF ARGUMENTS

Plaintiff argues that, under the terms of the Agreement, Defendant's failure to make the two installment payments, an undisputed fact, entitles it to judgment as a matter of law. Mot. 4-5. Plaintiff also contends that the Agreement entitles it to be reimbursed for its costs and reasonable attorney's fees. *Id.* Defendant, on the other hand, merely requests that if the Court deems the record evidence insufficient to grant summary judgment, the Court allow the case to proceed through discovery before granting dispositive relief. Resp. 2. Defendant further requests that in the event judgment is granted in favor of Plaintiff, any award of attorney's fees be "reasonable." *Id.*

## III. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The entry of summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party who will bear the burden of proof at trial on a dispositive issue must designate specific facts showing that there is a genuine issue for trial. *Id.* at 324. In order for an issue to be genuine, the evidence of it must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If there is not sufficient evidence favoring the nonmoving party, there is no issue for trial. *Id.* at 249. Furthermore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1986)) (internal quotation marks omitted).

At the summary judgment stage, "a plaintiff's version of the facts must find support in the record." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). As with any fact asserted by a party in a summary judgment motion, the non-movant must point the Court to such support by "citing to particular parts of materials in the record[.]" FED. R. CIV. P. 56(c)(1)(A). All material facts set forth in the motion and response that are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

Because the Court decides motions for summary judgment by viewing the facts in the light most favorable to the non-moving party, the Court obeys three general principles. First, the Court's role is not to weigh the evidence, but only to assess the threshold issue of whether a genuine issue exists as to material facts such that a trial is required. *See Liberty Lobby*, 477 U.S. at 249. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). Second, the Court must resolve all reasonable inferences and doubts in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999). Third, the Court cannot decide any issues of credibility. *See Liberty Lobby*, 477 U.S. at 255. "[T]o survive the . . . motion, [the non-movant] need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257. Nonetheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

should not adopt that version of the facts[.]" *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## IV. ANALYSIS

Often in American life, we are warned that things are not always as they appear. Conversely, there are those other times when things are exactly as they appear. This is such a case. The undisputed facts demonstrate that Defendant inexcusably breached the Lease Agreement, then inexcusably breached the Settlement Agreement, and that Plaintiff is entitled to its contractual remedies therefor.

As a preliminary matter, Florida law governs the Agreement and Defendant does not contest its application. *See* Compl. Ex. A ¶ 14, *see generally,* Resp. Florida courts will enforce an unambiguous contract in accordance with its plain language. *See Hahamovitch v. Hahamovitch*, 174 So. 3d 983 (Fla. 2015); *see also Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943 (Fla. 2013). In such a case, "the parties' intent must be gleaned from the four corners of the document[]" because "the language itself is the best evidence of the parties' intent, and its plain meaning controls." *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011) (internal citations and quotations omitted).

As stated above, the plain language of the Settlement Agreement required that Defendant pay Plaintiff $164,475.00, to be accomplished in two installment payments of $82,237.50. This material fact is undisputed. Defendant also admits that it failed to make either payment. Resp. ¶ 5-8. According to more of the Agreement's plain language, "failure to timely deliver the payments due" under the Agreement entitles Plaintiff to "exercise the remedies set forth" in the Agreement. Compl. Ex. A ¶ 4. Defendant concedes that the Agreement contains this clause. Defendant also agrees that, in the event it failed to timely deliver the payments, the Agreement provides that

5

Plaintiff "shall be entitled to apply to the Court for the immediate entry of a Final Judgment [of the entire settlement amount]." *Id*. ¶ 5; *see also* Resp. ¶ 10. Further, the Agreement entitles the prevailing party to "recover its costs and reasonable attorneys' fees" for any expenses associated with enforcing the Agreement. *Id*. ¶ 16; *see also* Resp. ¶ 10. Importantly, Defendant does not challenge the validity of, or any language in, the Agreement.

In sum, the undisputed material facts demonstrate that Defendant inexcusably breached the Agreement and that Plaintiff, as the non-breaching party, is entitled to judicial relief under its terms. Furthermore, these terms allow the non-breaching party to seek an entry of judgment for the total amount owed under the Agreement (less any payments made, of which the parties agree there were none). Therefore, as a matter of law, Plaintiff is entitled to judgment for the entire amount of the Agreement, as well as reasonable attorney's fees and costs related to this litigation.

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's "Motion for Summary Judgment" [ECF 11], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, within thirty days of the filing of this Memorandum Opinion and Order, file a motion with supporting documentation requesting reasonable attorney's fees and costs.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*