IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL & MAX LLC,

    Plaintiff,

v.                                              Civ. No. 19-173 GJF/GBW

BAB HOLDING COMPANY, LLC,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO SHOW CAUSE WHY MICHAEL DIXSON SHOULD NOT BE HELD IN CONTEMPT OF COURT AND ORDERING MR. DIXSON TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT AND COMPLY WITH PLAINTIFF'S SUBPOENA**

THIS MATTER comes before the Court on Plaintiff's Motion to Show Cause Why Michael Dixson Should Not Be Held in Contempt of Court Order [sic]. *Doc. 41.* Having reviewed the motion (*doc. 41*) and its related briefing and exhibits (*docs. 42, 46*) and conducted a hearing on the motion (*docs. 43, 51*), the Court GRANTS the motion and ORDERS Mr. Dixson to comply with Plaintiff's subpoena and show cause as to why he should not be held in contempt of Court.

**I.    BACKGROUND**

Plaintiff's motion arises from its unsuccessful attempts to subpoena documents from and depose Michael Dixson—Defendant's member and manager—to obtain information relevant to collecting the final judgment and cost/fee award of $187,607.67 (plus statutory interest) that the Court entered against Defendant.

## A. MR. DIXSON'S NONAPPEARANCE AT HIS SUBPOENAED DEPOSITION

On July 22, 2020, Plaintiff served Mr. Dixson with a subpoena for and a notice of a deposition scheduled for August 5, 2020. *Doc. 41-1*. On July 29, 2020, Mr. Dixson's assistant, Sienna Rubio, asked Plaintiff to postpone the deposition two weeks to accommodate a conflict with Mr. Dixson's schedule. *Doc. 41-2 at 9–10*. Pursuant to this request, Plaintiff rescheduled the deposition for August 18, 2020, and served Mr. Dixson with a subpoena for and notice of this rescheduled deposition. *Id. at 5–9; doc. 41-3*. On August 12, 2020, Ms. Rubio asked Plaintiff to delay the deposition for another week to give Plaintiff more time to produce requested documents. *Doc. 41-2 at 2–3*. Pursuant to this request, Plaintiff again rescheduled the deposition, this time for August 26, 2020, *id. at 1–2*, and served Mr. Dixson with a subpoena for and a notice of this rescheduled deposition, *doc. 41-4*.

On August 26, 2020, less than three hours before the deposition, Ms. Rubio emailed Plaintiff to request a third one-week extension of the deposition to afford Mr. Dixson's attorney, Chantel Crews, additional time to prepare for it. *Doc. 41-6 at 1; doc. 41-7 at 3:20–4:3*. Plaintiff agreed to reschedule the deposition for a fourth time if Ms. Crews contacted it to discuss the extension. *Id.* As Plaintiff did not hear from Ms. Crews before the start of the deposition, it proceeded with it. *Doc. 41 at ¶¶ 13–14*. After waiting for half an hour for Mr. Dixson to appear or file a notice of non-appearance,

2

Plaintiff entered Mr. Dixson's nonappearance into the record and suspended the deposition. *Doc. 41* at ¶ 14; *doc. 41-7* at 3:1–4:7.

   B.  MR. DIXSON'S NONPRODUCTION OF SUBPOENAED DOCUMENTS

On August 10, 2020, Plaintiff emailed Ms. Rubio a request to produce documents as well as an updated subpoena for the first rescheduled deposition, which it had amended to include a subpoena duces tecum for these documents. *Doc. 41-2* at 4; *doc. 41-3* at 3, 4. The subpoenaed documents relate to Defendant's debt repayments, sale of a piece of property rented by Plaintiff, transfers of money and property, and profit and loss statements. *Doc. 41-3* at 3.[1] The following day, Ms. Rubio asked Plaintiff to clarify whether its document request was supplemental to an earlier request. *Doc. 41-2* at 4. Later that day, Plaintiff explained that its request asked for documents that Defendant had identified in discovery responses served on Plaintiff in October 2019, pledged to produce in a supplementation, and never produced. *Id.* at 3.

On August 24, 2020, Ms. Rubio emailed Plaintiff a link to documents about Defendant's finances at the time of the Court's final judgment. *Doc. 41* at ¶ 10; *doc. 41-5*. In the email, she explained that Defendant was not producing some responsive

---

[1] The exact request for production in the subpoena duces tecum is that Mr. Dixson produce "[a]ny materials [he] ha[s] pertaining to this lawsuit." *Doc. 41-3* at 4. The notice of the deposition served with this subpoena narrows this broad request to specific categories of documents. *Id.* at 3. The Court construes the language in the subpoena duces tecum to request the nine categories of documents itemized in Exhibit A of the Second and Third Amended Notices to Take the Deposition Duces Tecum of Michael Dixson via Zoom, *see id*; *doc. 41-4* at 3.

3

documents since they postdated the judgment in this case.  *Doc 41-5*.  The documents provided also did not include the contents of the closeout project file for the property that Plaintiff had rented from Defendant despite them falling within the scope of the subpoena duces tecum.  *See doc. 46-2* at 63:15–64:3.

    C.  MR. DIXSON'S BRIEF DEPOSITION

On November 16, 2020, Plaintiff emailed Ms. Crews a notice to take Mr. Dixson's deposition on December 15, 2020 and a subpoena for this deposition and the yet-unreceived documents.  *Doc. 46-1* at 2, 6.  A few days later, Ms. Crews informed Plaintiff that Mr. Dixson was working on getting the responsive documents and needed to find a different counsel to represent him during the deposition as she was not licensed to practice in New Mexico or this Court.  *Id.* at 5.  Later that day, Plaintiff requested that Mr. Dixson enter a notice of non-appearance for his deposition if he did not intend to appear.  *Id.* at 4.  On December 7, 2020, and December 10, 2020, Plaintiff reiterated the request.  *Id.* at 3–4.  On December 10, 2020, Ms. Crews informed Plaintiff that she did not know whether Mr. Dixson would appear for his deposition since he had not responded to her efforts to contact him.  *Id.* at 3.  The day before the depositions, Plaintiff sent Ms. Crews the Zoom link for them.  *Id.* at 2.  Later that day, Ms. Crews informed Plaintiff that she had forwarded the link to Mr. Dixson and was no longer representing him in this matter.  *Id.*

On December 15, 2020, Mr. Dixson appeared for his deposition without counsel. After less than two hours of testimony, he terminated the deposition but agreed to continue it on a later date. *Doc. 46-2* at 6:25–7:8, 7:15–8:3. During the brief deposition, Mr. Dixson testified that the closeout file for the property rented by Plaintiff (which he pledged to email Plaintiff) detailed what became of the proceeds from the property's sale. *Id.* at 33:17–36:22, 59:9–21. He elaborated that he believed that Defendant had distributed these proceeds to JFAL Holding Company ("JFAL")—a company whose two owners are the Michael J. Dixson Trust and the Dixson Family Trust—and that JFAL had reinvested these proceeds into another commercial real estate project in Abilene, Texas. *Id.* at 31:24–36:22, 60:12–61:1. He emphasized, though, that the other investors in this project had run off with JFAL's investment and that JFAL was in litigation in Texas to recover it. *Id.* at 61:2–16. At the conclusion of the deposition, Mr. Dixson reiterated his pledge to sit for the continued deposition and email Plaintiff the closeout file for the property that it had rented. *Id.* at 63:15–64:3. To date, he has not fulfilled either pledge despite several email reminders from Plaintiff. *Doc. 46-3*; *doc. 51* at 2.

D.  PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

During the interlude between Mr. Dixson's nonappearance at the August 26, 2020 deposition and his brief appearance at the December 15, 2020 deposition, Plaintiff moved the Court to issue an order for Mr. Dixson to show cause why he should not be

5

held in contempt for failing to appear at his deposition and not complying with the Court's Order Granting Mr. Allison's Amended Motion to Withdraw. *Doc. 41*. Despite Plaintiff serving the motion on Ms. Crews via email, *doc. 42-1*, Defendant did not respond to it. On October 20, 2020, Plaintiff filed a reply, *doc. 42*, completing briefing on the motion.

On May 19, 2021, the Court set a hearing on this motion for July 7, 2021, and ordered Mr. Dixson to appear in person and Ms. Rubio, Ms. Crews, and Andy Ainsa to appear as witnesses. *Doc. 43*. It directed the Clerk of the Court to serve a copy of its order setting a hearing on Mr. Dixson, Ms. Rubio, Ms. Crews, and Mr. Ainsa via certified mail and the United States Marshals Service to serve a copy of its order on Mr. Dixson and Ms. Rubio in person. *Id.* at 2. On May 20, 2021, a Deputy U.S. Marshal personally served Mr. Dixson with a copy of the Court's order. *Doc. 49*. On June 9, 2021, the Court received return receipts for the certified mailings sent to Ms. Crews and Mr. Ainsa. *Docs. 47, 48*. On June 14, 2021, the mail sent to Ms. Rubio and Mr. Dixson was returned as undeliverable. *Docs. 44, 45*. On June 24, 2021, Plaintiff supplemented its motion with additional exhibits about Mr. Dixson's limited appearance at the December 2020 deposition. *Doc. 46*.

On July 7, 2021, the Court held a hearing on Plaintiff's Motion. *Doc. 51*. It heard testimony from Ms. Crews about her relationships with Defendant and Mr. Dixson, her last contact with Mr. Dixson, Mr. Dixson's contact information, and her involvement

6

with the subpoenaed deposition and documents. *Id.* She explained that her general practice is to advise all clients to comply with subpoenas, that she followed that practice in this case, and that she did not advise Mr. Dixson to not appear for the August 26, 2020 deposition. *Id.* at 4–5. Mr. Dixson did not appear for this hearing. *Id.* at 1.

**II.     LEGAL STANDARDS**

Pursuant to Rule 30, a party may depose any person, even nonparties. Fed. R. Civ. P. 30(a). While this person's "attendance may be compelled by subpoena, if necessary, under Fed. R. Civ. P. 45, 'a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party.'" *Jacobs v. Floorco Enters., LLC*, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *14 (W.D. Ky. Mar. 18, 2020) (unpublished) (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2107 (3d ed Aug. 2019)).

Where a deponent is a party's officer, director, or managing agent, notice issued pursuant to Rule 30(b)(1) is sufficient to require attendance. *E.g., Mapes v. Wellington Cap. Grp.*, No. 8:07CV77, 2008 WL 624471, at *3 (D. Neb. Mar. 4, 2008) (unpublished) (gathering cases); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ.1930(RMB)(TH), 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002) (unpublished). If a party receives reasonable notice of such a deposition, it is responsible for ensuring that the deponent appears and may be sanctioned under Rule 37(d) if the deponent does not. *Wichita Fireman's Relief Ass'n v. Kan. City Life Ins. Co.*, No. 11-1029-KGG, 2011 WL 6304129, at *3 (D. Kan. Dec.

16, 2011) (unpublished) (citing *Moore v. Pyrotech*, 137 F.R.D. 356, 357 (D. Kan. 1991)); Fed. R. Civ. P. 37(d)(1)(A)(i).

The deposing party bears the "modest" burden of proving the deponent's status as an officer, director, or managing agent. *Centurion Silver, LLC v. Silverberg Dev. Corp.*, No. 07-1091 RB/ACT, 2008 WL 11415878, at *3 (D.N.M. June 26, 2008) (unpublished). Absent an exceptional circumstance, the deponent must be shown to have this status at the time that the deposition occurred (or will occur). *Preston v. Marathon Oil Co.*, No. 08-CV-239-J, 2009 WL 10689014, at *2 (D. Wyo. Sept. 14, 2009) (unpublished) (citing *In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996)); *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011).

Where the deponent is neither a party nor a party's officer, director, or managing agent, a subpoena is necessary to compel the deponent to appear for a deposition or produce documents. *United States v. 2121 Celeste Road SW*, 307 F.R.D. 572, 586 (D.N.M. 2015). If the deponent disobeys the subpoena "without adequate excuse," the court that issued it may hold him in contempt. Fed. R. Civ. P. 45(g). To prevail in a civil contempt proceeding, the movant has the burden of proving, by clear and convincing evidence, that (i) the subpoena was valid; (ii) the contemnor had knowledge of it; and (iii) the contemnor disobeyed it. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Disobedience, though, need not be willful. *John Zink Co. v. Zink*, 241 F.3d 1256, 1262 (10th Cir. 2001). If the movant satisfies its burden, the burden shifts to the

8

non-movant to show that its noncompliance is excused. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

## III. ANALYSIS

Plaintiff brings its motion pursuant to Federal Rules of Civil Procedure 37(d)(1)(A) and b(1)(2). *Doc. 41* at 1. Neither rule, though, authorizes the Court to hold Mr. Dixson in contempt for not complying with Plaintiff's subpoena for his deposition and documents. The applicable authority for holding Mr. Dixson in contempt for not complying with a subpoena is Rule 45(g). The Court, though, is concerned that Plaintiff's motion—which was brought pursuant to Rule 37 and seeks only an order for Mr. Dixson to show cause as to why he should not be held in contempt for violating the Court's Order Granting Amended Motion to Withdraw (*doc. 40*), *see doc. 41*—has not provided Mr. Dixson with adequate notice that the Court is considering holding him in contempt under Rule 45 for not complying with Plaintiff's subpoena and that he must provide the Court with an adequate excuse for his noncompliance to avoid being held in contempt. Therefore, the Court will not hold Mr. Dixson in contempt pursuant to Rule 45 at this time.

A. RULE 37(b) DOES NOT ALLOW THE COURT TO HOLD MR. DIXSON IN CONTEMPT.

Rule 37(b) does not allow the Court to hold Mr. Dixson in contempt. Rule 37(b)(1) authorizes the Court to hold a deponent in contempt only if it "orders [the] deponent to be sworn or to answer a question and the deponent fails to obey." Fed. R.

9

Civ. P. 37(b)(1). A subpoena is not an order of this nature. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d. Cir. 1991); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975). Therefore, the Court has made no such order as to Mr. Dixson.

Plaintiff makes two arguments otherwise. First, it asserts that Mr. Dixson violated the Court's Order Granting Amended Motion to Withdraw (*doc. 40*) by not appearing for the August 26, 2020 deposition. *Doc. 41*; *doc. 51* at 6. This assertion misreads the Court's order. The text of the order does not require Mr. Dixson to do anything, let alone appear for a deposition or participate in the discovery process in good faith. *See doc. 40.* Second, during the hearing, Plaintiff claimed that, even if the Court's Order Granting Amended Motion to Withdraw did not clearly require Mr. Dixson to appear for a deposition, the Court clearly ordered him to do so during its hearing on the amended motion to withdraw. *Doc. 51* at 6. This claim misstates the Court's order to Mr. Dixson during that hearing. The only order that the Court issued to Mr. Dixson during that hearing was to provide Plaintiff's counsel with a current, physical address at which he could be served with a Rule 45 deposition subpoena. *Doc. 38* at 2. Mr. Dixson complied with that order. *Doc. 40* at 2.

B. NEITHER RULE 37(B)(2) NOR RULE 37(D) ALLOWS THE COURT TO HOLD MR. DIXSON IN CONTEMPT FOR HIS NON-APPEARANCE.

Neither Rule 37(b)(2) nor Rule 37(d) authorizes the Court to hold Mr. Dixson in contempt or otherwise sanction him since he is not a party to this case. Rule 37(b)(2) allows the Court to sanction a *party* if it or its officer, director, or managing agent "fails to obey an order to provide or permit discovery." Fed R. Civ. P. 37(b)(2). Similarly, Rule 37(d) permits the Court to sanction a *party* if it or its officer, director, managing agent or Rule 30(b)(6) or Rule 31(a)(4) designee fails to appear for a deposition after being served with proper notice. Regardless of the closeness of Mr. Dixson's ties to Defendant, he is not a party to this lawsuit and Plaintiff has not moved that the Court find he qualifies as an alter ego. Therefore, he cannot be sanctioned pursuant to Rule 37(d) for not appearing at the August 26, 2020 deposition nor could he be sanctioned pursuant to Rule 37(b)(2) for violating an order to provide or permit discovery (if one existed).[2]

---

[2] Defendant may be sanctioned for Mr. Dixson's nonappearance at the August 26, 2020 deposition if Mr. Dixson was its officer, director, or managing agent at the time of this deposition. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). The Court does not reach this question for two reasons. First, Defendant has not had adequate notice of or a meaningful opportunity to defend against any sanctions imposed against it pursuant to Rule 37(d) since Plaintiff did not move the Court for such sanctions in its motion. Second, Plaintiff has not shown that Mr. Dixson was Defendant's officer, director, or managing agent at the time of his deposition (a showing that requires demonstrating that a dissolved corporation may still have an officer, director, or managing agent).

C. HOLDING MR. DIXSON IN CONTEMPT UNDER RULE 45 FOR VIOLATING THE PLAINTIFF'S SUBPOENAS RAISES DUE PROCESS CONCERNS.

While Rule 45 authorizes the Court to hold Mr. Dixson in contempt for not complying with Plaintiff's subpoena for his deposition and documents, the Court declines to do so at this time out of an abundance of caution for Mr. Dixson's right to due process. Rule 45 gives courts the discretion to hold a subpoenaed individual in contempt for failing to comply with a subpoena without adequate excuse. Fed. R. Civ. P. 45(g). But "it [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena." Fed. R. Civ. P 45(g) advisory committee's note to 2013 amendment; *see also Man's Hat Shop v. Twin City Fire Ins. Co.*, 2021 WL 1517940, at *2 (D.N.M. Apr. 16, 2021) (unpublished); *Duffy v. Lawrence Mem'l Hosp.*, No. 2:14-cv-2256-SAC-TJJ, 2017 WL 1806429, at *2 (D. Kan. May 5, 2017) (unpublished).

Although Mr. Dixson's pattern of frustrating Plaintiff's discovery makes the Court inclined to disregard the majority practice in this case, *see Luv N' Care, Ltd. v Laurain*, No. 2:18-cv-02224-JAD-EJY, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (unpublished) (holding that a magistrate judge did not err in sanctioning a contemnor for not complying with a subpoena without first ordering the contemnor to comply with the subpoena), adjudicating Plaintiff's motion for an order to show cause as a motion to hold Mr. Dixson in contempt raises due process concerns, *see U.S. Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Due process requires that Mr. Dixson have adequate notice of and fair opportunity to be heard on any finding of contempt.

*Williams v. Curtis*, No. CIV 12-0716 MCA/LAM, 2012 WL 13071889, at *1 (D.N.M. Nov. 19, 2012) (unpublished) (citing *Hyatt*, 621 F.3d at 694, and 9A Charles Alan Wright et al., *Federal Practice & Procedure Civil* § 2465 (3d ed. 2012)). In *Hyatt*, the Seventh Circuit held that a motion for an order to show cause why a subpoenaed individual should not be held in contempt is a procedural motion that is distinct from a substantive motion for a holding of contempt and does not provide the subpoenaed individual with adequate notice that the court is considering holding him in contempt for his noncompliance with the subpoena. 621 F.3d at 695–96.

*Hyatt* does not bind the Court. But it makes the Court disinclined to convert Plaintiff's procedural motion for an order for Mr. Dixson to show cause about why he should not be held in contempt into a substantive motion to hold Mr. Dixson in contempt. Granting the procedural motion and ordering Mr. Dixson to show cause why he should not be held in contempt for not appearing at the August 26, 2020 deposition and not complying with Plaintiff's subpoenas provides Mr. Dixson with adequate notice that the Court is considering holding him in contempt under Rule 45 for violating Plaintiff's subpoenas and an opportunity to be heard on the issue.

**IV.    CONCLUSION**

While Plaintiff brings its motion under Rule 37, Rule 45 is the only avenue through which the Court may hold Mr. Dixson in contempt. Given the due process

13

concerns related to holding Mr. Dixson in contempt based on a motion requesting an order to show cause, the Court declines to hold Mr. Dixson in contempt at this time.

Instead, Mr. Dixson IS HEREBY ORDERED to show, by **August 6, 2021**, whether there was an adequate excuse for his noncompliance with Plaintiff's subpoena (*doc. 41-4* at 4–6) to produce documents by August 24, 2020, and to appear for a deposition on August 26, 2020, such that the Court should not hold him in contempt and impose any appropriate coercive or compensatory sanctions. If Mr. Dixson does not file a showing in response to this order, the Court will construe his silence as a waiver of his right to be heard on the contempt issue. If Mr. Dixson does file a showing in response to this order, the Court will hold an evidentiary hearing on whether to hold him in contempt pursuant to Rule 45(g) and what the appropriate sanction for any finding of contempt is on **August 18, 2021, at 1:30 p.m.** in the **Doña Ana Courtroom at the United States Courthouse, 100 North Church Street, Las Cruces, New Mexico**. Mr. Dixson and Plaintiff's counsel shall appear for this hearing in person and Ms. Crews shall appear in person as a witness. Plaintiff may, but need not, appear, but its counsel should be prepared to prove any damages that Plaintiff incurred from Mr. Dixson's noncompliance with its subpoenas by a preponderance of evidence, *see Reliance Ins. Co.*, 159 F.3d at 1319. In addition, to appearing personally, Mr. Dixson may, and indeed should, attend with legal representation. Failing to appear will constitute an independent basis for a finding of contempt.

Mr. Dixson IS FURTHER ORDERED to comply with this subpoena by both (i) appearing for a five-hour deposition over Zoom on **August 9, 2021, at 9:00 a.m. MST** via a link that Plaintiff shall email to the email address that Mr. Dixon provided during his aborted December 2020 deposition; and (ii) producing the documents identified in Exhibit A of Plaintiff's Third Amended Notice to Take the Deposition Duces Tecum of Michael Dixson via Zoom,[3] *see doc. 41-4* at 3, by **August 2, 2021**. Mr. Dixson is FURTHER NOTICED that the Court may hold him in contempt and impose any appropriate sanctions if he fails to appear for this deposition or produce these documents without adequate excuse.[4]

In addition to standard electronic service, the Clerk of Court is directed to deliver copies of this Order via first-class mail to Mr. Dixson at Michael Dixson, 5996 Ojo de Agua, El Paso Texas 79912 and Ms. Crews at Ainsa, Hutson, Hester & Crews LLP, 5809 Acacia Circle, El Paso, TX 79912. Similarly, not later than July 19, 2021, the United States Marshals Service shall personally serve Mr. Dixson with a copy of this order.

---

[3] These documents include, but are not limited to, the contents of the project closeout file for 525 S. Telshor Blvd, Las Cruces, NM 88011.

[4] On their face, neither a scheduling conflict, lack of representation by counsel, nor the need for additional time to prepare for the deposition or produce documents is an adequate excuse. If Mr. Dixson believes that some equitable circumstance requires his deposition to be rescheduled to a different date, he must file a motion for relief from that part of this order and propose therein alternative dates within one week of the Court's deposition date and/or production deadline.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE